Plaintiff submitted bids on two invitations for bids (IFB) for the construction of Marine Corps barracks at Camp Pendleton, California, the contracts requiring, inter alia, installation in each room of “built-in casework,” i.e. wardrobe and desk units. The IFB’s indicated that prospective bidders could obtain the plans and specifications package from defendant’s Plan Issue Office. The basic set of plans did not include, but incorporated by reference, the specification for the wardrobe — a NAYFAC Purchase Description. The basic plans and specifications informed bidders that NAVFAC documents could be obtained upon request from the Naval Supply Depot in Philadelphia, that all inquiries relating to plans and specifications should be directed to Boom 117 of the local Construction Branch Office and that all relevant documents, could be examined at Boom 206 of the local Specification Section Office. Plaintiff did not obtain a copy of the Purchase Description prior to bidding, but based its bids on the assumption that the wardrobes were to be constructed of wood as in prior similar contracts awarded to other contractors. Actually, the wardrobes were to be of metal. Plaintiff was low bidder on both contracts, and confirmed its considerably lower bids when requested by defendant to verify them. Plaintiff seeks a price adjustment to recover the additional cost of furnishing metal wardrobes, its claim having been denied by the Navy and General Accounting Office. In an opinion filed September 21, 1972, Commissioner James F. Davis found that the IFB’s and the basic plans and specifications clearly informed bidders where inquiries were to be addressed and where relevant documents could be obtained and/or examined ; that plaintiff did not act in a reasonable manner under the circumstances in attempting to acquire a copy of the *873 NAVFAC Purchase Description, and thus its failure to ■timely discover the actual wardrobe requirements was its fault and was a unilateral mistake; that defendant did not mislead plaintiff; that defendant had no notice of plaintiff’s error prior to award; that defendant acted reasonably in requesting bid verification; and that accordingly plaintiff is not entitled to recover. This case came before the court on plaintiff’s request for review of the recommended decision of Commissioner Davis. Defendant took exceptions to certain of the commissioner’s findings of fact but otherwise urged the court to adopt the said decision as the basis for its judgment in this case. Upon consideration of the exceptions, briefs and oral argument of counsel, and since the court agrees with the commissioner’s opinion and findings (subject to modification of findings of fact Nos. 20, 21 and 22), the court adopted the opinion as the basis for its judgment in this case that plaintiff is not entitled to recover, and dismissed the petition.